UNITED STATES

v.

**Ruben D. GARCIA, 561 15 7310 Airman Recruit (E–1) U. S. Navy.**

**NCM 75 2833.**

U. S. Navy Court of Military Review.

Sentence Adjudged 29 May 1975.

Decided 19 March 1976.

LT Robert R. Sparks, Jr., JAGC, USN, Appellate Defense Counsel; LT Patrick A. Fayle, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., MURRAY and GLASGOW, JJ.

## DECISION

GLASGOW, Judge:

Consonant with his plea appellant was found guilty of several offenses of making "bad checks" and absence without leave in violation of Articles 123a and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 923a and 886, and sentenced by military judge sitting alone as a general court-martial to a bad conduct discharge, confinement at hard labor for nine months and forfeiture of "$250.00 for nine months" (sic). In view of a pretrial agreement, the convening authority approved only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for four months and forfeiture of $250.00 pay per month for four months. We note that the forfeitures approved by the convening authority exceed the forfeitures adjudged by the court-martial but in view of our action on the error assigned we will not further consider the error in approved forfeitures.

We find merit in appellant's contention that he was denied his right to a speedy trial and reverse.

The appellant was placed in pretrial confinement on 26 December 1974, after the commission of all the offenses of which he now stands convicted.[1] Charges were preferred on 22 January 1975, the appellant was informed of charges on 23 January, and defense counsel was appointed on 29 January. The pretrial investigation (Article 32) was completed on 20 February, and the appellant's request for release from confinement at that time was denied. On 4 March 1975, the appellant was released from pretrial confinement and recommendation for general court-martial was forwarded to the officer exercising general court-martial authority on 6 March.

On 5 March 1975, the appellant uttered an additional "bad check" for $280.79 and on 7 March 1975 he uttered one for $4,031.00. On 11 March 1975, appellant was returned to pretrial confinement and remained so confined until his trial on 28 May 1975. Total pretrial confinement was approximately 146 days. Additional charges were preferred on 20 March and additional pretrial investigation was completed on 4 April 1975. All charges were referred to trial by general court-martial on 17 April, and trial began 28 May 1975.

In *United States v. Brooks*, 23 U.S.C.M.A. 1, 48 C.M.R. 257 (1974) the accused was twice released from pretrial confinement and twice reconfined after commission of minor offenses. In *Brooks* the accused served approximately 100 days pretrial confinement. In reversing the conviction for lack of speedy trial, Chief Judge Duncan, speaking for the Court of Military Appeals stated:

". . . it is the period of confinement with which we are concerned and not the basis on which it was ordered, the fact that the detention was segmented or that reconfinement was justified is not material. To hold otherwise would mean that the *Burton* [*United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971)] presumption would not apply in the case of a moderate offender like the accused whose release on occasion is deemed justifiable, but paradoxically the presumption would

---

1. Any confinement resulting from appellant's apprehension by civilian authorities as an unauthorized absentee on 12 December 1974 and his return to his home base has not been included in determining the speedy trial issue.

apply only to the serious offender whose continuous confinement is believed necessary. We see no reasonable distinction between the two. The intent of *Burton* is to get both tried within a 90-day period, absent an extraordinary reason for additional delay. *United States v. Marshall*, [22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973)]." 23 U.S.C.M.A. at 2, 48 C.M.R. at 258.

In *Brooks* the Court distinguished *United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973), and *United States v. O'Brien*, 22 U.S.C.M.A. 557, 48 C.M.R. 42 (1973). We find that the case *sub judice* differs from *Brooks* only in that the subsequent offenses were major whereas in *Brooks* such subsequent offenses were minor. However we cannot say that the appellant here was reconfined solely because he was alleged to have committed the March 5th and 7th offenses which were similar to some of the original offenses.[2] *See United States v. Johnson*, 23 U.S.C.M.A. 397, 50 C.M.R. 279, 1 M.J. 101 (1975).

At trial, defense counsel moved for dismissal of the charges for lack of speedy trial (R.39). Government counsel contended that the *Burton* rule does not apply, that this is an extraordinary case, and that due diligence had been shown in bringing this case to trial. After thorough consideration the trial judge denied the motion to dismiss, distinguishing this case from *United States v. Brooks, supra*, on the basis that in *Brooks* the offenses leading to reconfinement were minor offenses whereas in the case *sub judice* the subsequent charges were serious, alone justifying confinement.

We commend trial judge on his thorough, scholarly and lucid consideration of the issue but regret that we must disagree with his conclusion. We cannot distinguish *Brooks* from the case *sub judice* and find that *Brooks* requires our reversal of the conviction here. We also note the expertise displayed by counsel for both sides at trial and before this Court in their presentation of this matter.

**2.** The March 7 offense was withdrawn prior to trial and the March 5 offense was dismissed by trial judge on motion of the defense for lack of

The findings of guilty and sentence are set aside and the charges are dismissed. All rights, property and privileges denied the appellant through this case will be restored.

Chief Judge CEDARBURG and Judge MURRAY concur.

jurisdiction, pursuant to *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969).